# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Gary Thelen and Thomas Thelen,

     Plaintiffs,

v.

City of Elba, et al.,

     Defendants.

_____

Case No.:  08-cv-1150 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the Court on two motions to dismiss referred by the District Court. One motion is brought by Defendants Betty Jo Rico, Wayne Ehlenfeldt, Scott Scherbring, Scott Jensen, and Rebecca Prebe (Doc. No. 3).[1]  The other is brought by Defendant Wayne Mehrkens (Doc. No. 9).  In both motions, the Defendants (except the City of Elba) contend that they were not properly served with the lawsuit and seek dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

As set forth below, the Court recommends that the motion of Defendants Rico, Ehlenfeldt, Scherbring, Jensen, and Prebe be denied.  The Court further recommends that the Plaintiffs be given 21 days to cure the defective service of Defendant Mehrkens under Fed. R. Civ. P. 4(m).  If they fail to do so, the Court recommends that Defendant Mehrkens' motion be granted.  If the Plaintiffs cure the defective service of Defendant Mehrkens, the Court recommends that Defendant Mehrkens' motion be denied.

---

[1] Defendant City of Elba originally joined this motion, but later withdrew.  *See* Defendants' Reply Brief (Doc. No. 18) at 1, n.1.

## I.      BACKGROUND

Pro se Plaintiffs Gary and Thomas Thelen filed this action against the Defendants, the City of Elba and various Elba city officials, on April 25, 2008.  They allege, inter alia, that the Defendants violated the Fourteenth Amendment's Equal Protection Clause by failing to issue a building permit.  They also bring various state law causes of action.

### A.      The Property Dispute[2]

Plaintiff Thomas Thelen owns a parcel of land in the City of Elba, Minnesota.[3]  He and co-Plaintiff Gary Thelen sought to build a home on the property, and applied to the City for a building permit.  The City Council voted to grant the permit in 1997, but it never issued.

It was the job of Elba's City Clerk, Defendant Betty Jo Rico, to issue the permit.  Rico lived next to the property upon which the Thelens sought to build.  The Thelens allege that Rico did not want them as neighbors, and consequently refused to issue the permit for various personal reasons.  A contentious and drawn-out property dispute between Rico and the Thelens ensued.  The Thelens allege that Rico and the other Defendants abused their positions with the City in the course of this dispute, including refusing to pay them for services rendered to the City and denying them the provision of various City services.

### B.      The Lawsuit

The Thelens sued Rico, along with the City of Elba, its City Council members (Defendants Ehlenfeldt, Scherbring, and Jensen), its former Mayor (Prebe), and its City Attorney (Mehrkens).   The Defendants responded to the Complaint with the motions to dismiss now

---

[2] The background  facts discussed here are primarily taken from the Complaint.
[3] The City of Elba is located in southeastern Minnesota, between Rochester and Winona.  It has a population of approximately 214.

before the Court.  They contend that the Thelens failed to personally serve them within the 120-day time limit under Fed. R. Civ. P. 4(m).

All Defendants, except Mehrkens, are represented by Pierre Regnier of the Jardine, Logan & O'Brien law firm.  Mehrkens is represented by the Bassford Remele law firm.

### C.    Service Attempts

On May 16, 2008, an individual named Michael Peter Maringer filed an affidavit of service.  Doc. No. 2.  His affidavit describes his attempts to serve the lawsuit on the Defendants. He stated that, "On January 14, 2008, I personally hand delivered a true and correct paper copy of the initiating Complaint in this action and a letter indicating intent to file the said Complaint within thirty days of its service.  The said documents were hand delivered, at the Elba City Hall upon the following defendants:  … Betty Joe Rico, Wayne Ehlenfeldt, Scott Scherbring, Scott Jensen, and Rebecca Prebe."  *Id.* at ¶ 1.  He also stated that he delivered the same documents to Mehrkens on January 15, 2008.  *Id.* at ¶ 2.  Maringer further explains that, on April 28, 2008, after the Thelens filed this action, he mailed an electronic copy of the civil cover sheet, complaint and summons in this action to Mehrkens and Pierre Regnier, attorney for the other Defendants.

By letter dated February 5, 2008, Mr. Regnier informed the Thelens that, "Your letter of January 14, 2008, to which you attached a Complaint, has been referred to me.  I have been retained to represent all of the named defendants in th[e] Complaint except for Wayne Mehrkens."  *See* Doc. No. 26.[4]  He further wrote:

---

[4] The Thelens did not file a memorandum of law opposing the instant motions.  Gary Thelen appeared at the motions hearing and introduced Mr. Regnier's letter at that hearing.

> Since you have sent that Complaint and indicated that you intend to file that matter with the United States District Court thirty days from January 14, 2008, this matter is now considered pending litigation. Therefore, it is essential that you refrain from contacting my clients directly as relates to this matter…. Furthermore, you should not be contacting these individuals named as defendants in your Complaint whom I am representing in their individual capacities, either by letter or in person. You should direct all inquiries to me or Susan Tice of this office who is also working with me in the defense of this case.

On September 23, 2008, after the Defendants filed the motions now before the Court, Maringer filed a second affidavit of service. Doc. No. 16. He described his further attempts to serve the lawsuit on the Defendants, explaining that, "On August 21, 2008, I personally hand delivered a true and correct paper copy of the initiating Complaint and Summons, signed and sealed by the clerk of this court. The said documents were served upon attorney Pierre Regnier, whom is representing defendants…." *Id.* at ¶ 1.

He further stated that he served Mehrkens as follows: "On August 22, 2008, I personally hand delivered a true and correct paper copy of the initiating Complaint and Summons, signed and sealed by the clerk of this court. The said documents were served upon Defendant Wayne Mehrkens by means of hand delivery to a place of his normal abode and left in the care to [sic] his personal secretary, an individual whom is in excess of 18 years of age. Two pervious [sic] attempts of personal service upon Mr. Mehrkens were attempted at his place of residence but were unsuccessful." *Id.* at ¶ III.[5]

## II.    ANALYSIS

The movants contend that they were never personally served with the lawsuit. They further argue that the 120-day time period in which the Thelens can serve them has now passed. They, therefore, seek dismissal under Fed. R. Civ. P. 12(b)(5).

---

[5] The second Maringer affidavit also described Maringer's service of the City of Elba. This is not discussed here, because the City has withdrawn its motion.

4

### A.      Standard of Review

On a Rule 12(b)(5) motion, the Court may consider evidence outside the pleadings. *See* 5C WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE:  CIVIL 3D, § 1364 at pp. 124-126. *See also Devin v. Schwan's Home Srvs., Inc.*, No. Civ. 04-4555 (RHK/AJB), 2005 WL 1323919, *2 (D. Minn. May 20, 2005). The Plaintiffs bear the "the ultimate burden of establishing the validity of service of process." *Redding v. Hanlon*, Civil. No. 06-4575 (DWF/RLE), 2008 WL 762078, *6 (D. Minn. Mar. 19, 2008) (quoting *A.C. ex rel. M.C. v. Ind. School Dist. No. 152,* 2006 WL 3227768, *4 n.4 (D. Minn. Nov. 7, 2006), citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir.1995)).   "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Srvcs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citation omitted).

### B.      Effectiveness of Service Attempts

### 1.      Non-Mehrkens Defendants

Maringer tried to serve Defendants Rico, Ehlenfeldt, Scherbring, Jensen, and Prebe twice, in January and August 2008.   The first attempt did not satisfy Fed. R. Civ. P 4; the second attempt did.

Fed. R. Civ. P. 4(e) governs service of a lawsuit on an individual.  It states:

Unless federal law provides otherwise, an individual … may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
    A. delivering a copy of the summons and of the complaint to the individually personally;
    B. leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> C.  delivering a copy of each to an agent authorized by appointment or by
> law to receive service of process.

Minn. R. Civ. P. 4.03 is the operative state rule governing service of a lawsuit upon an individual.  It is similar to the federal rule, stating:

> Service of summons within the state shall be as follows:  (a) … Upon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein.  If the individual has, pursuant to statute, consented to any other method of service or appointed an agent to receive service of summons … service may be made in the manner provided by such statute.

Maringer's first affidavit of service reflects that he tried serving the non-Mehrkens Defendants in January 2008 by hand-delivering a copy of the Complaint, but not the Summons, to them at Elba's City Hall.[6]  It is not clear from the affidavit of service whether he actually handed the Complaint to them.  Regardless, this first attempt was ineffective.  Federal and Minnesota law require that the Summons be served with the Complaint.  Fed. R. Civ. P. 4(c); Minn. R. Civ. P. 4.03.  According to the first Maringer affidavit, this was not done.  Although Maringer later mailed the Summons and Complaint to attorney Regnier, Rule 4 does not allow service of a lawsuit by mail.[7]  Consequently, the first service attempt was ineffective.

Maringer's August 2008 service attempt was more fruitful.  According to his second affidavit of service, none of the non-Mehrkens Defendants were individually served, nor was a copy of the lawsuit left at their dwelling or usual place of abode with a suitable person.  However, Maringer hand-delivered a copy of the Summons and Complaint to their attorney, Mr.

---

[6] Fed. R. Civ. P. 4(c)(2) requires the person serving the Summons and Complaint to be "at least 18 years old and not a party."  Although Mr. Maringer does not state his age, the Court assumes for the purposes of this motion that he is at least 18, as no party asserts otherwise.
[7] The record does not reflect that the Thelens activated Fed. R. Civ. P. 4(d)'s waiver of service provision.

Regnier.  Thus, the issue is whether hand-delivery of a copy of the Summons and Complaint to an individual's attorney constitutes service of an authorized agent under Rule 4(e)(2)(C).

An attorney will not be deemed an appointee for service of a lawsuit on behalf of her client simply by virtue of her role as an attorney.  *Indus. Indem. Co. v. Harms*, 28 F.3d 761, 762 (8th Cir. 1994); *Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990); 4A WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE:  CIVIL 3D, § 1097 ("Thus … even the defendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of that type has taken place.").[8]  However, appointment of an agent for service of process can be implied, as well as express.  *U.S. v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("An agent's authority to accept service may be implied in fact."); *U.S. v. Bosurgi*, 343 F. Supp. 815, 817-818 (S.D.N.Y. 1972); 4A FEDERAL PRACTICE AND PROCEDURE:  CIVIL 3D, § 1097 ("The federal courts look to the circumstances of the agency relationship, and although authority to accept process need not be explicit, it must either be express or implied from the type of relationship that has been established between the defendant and the alleged agent.").

Attorney Regnier filed an affidavit in connection with the instant motions stating that he was not authorized or appointed by his clients to accept service of the lawsuit.  *Aff. of Pierre Regnier*, ¶¶ 9, 10.  However, his February letter to the Thelens at least implies otherwise.

In the February letter, Mr. Regnier told the Thelens in no uncertain terms that he received a copy of the Complaint, that he represented the non-Mehrkens Defendants, and that the Thelens should not contact those Defendants "either by letter or in person."  He further directed the

---

[8] If a party is represented by an attorney, Fed. R. Civ. P. 5(b)(1) generally requires the service of certain papers on the party's attorney.  It does not, however, encompass service of the Summons and Complaint, which is governed by Rule 4.

Thelens to convey "all inquiries" to him or his office.  He copied each of his clients on the bottom of the letter.  While not directly stating that he was authorized to accept service of the lawsuit, Mr. Regnier at least implied as much with his explicit instruction that all matters be directed through him and his prohibition on direct contact with his clients.  *Bosurgi*, 343 F. Supp. at 818.  *Cf. Harms*, 28 F.3d at 762 (no agency relationship created between individual and class action law counsel where individual "never manifested his consent" for counsel to act on his behalf); *Santos*, 902 F.2d at 1094 (attorney not authorized to accept service where record devoid of a basis for such an inference); *Ziegler*, 111 F.3d at 882 (attorney's execution of acknowledgement of service form insufficient to evince authority to accept service).  Thus, the Court finds that Regnier was impliedly authorized to accept service of the lawsuit on behalf of the non-Mehrkens Defendants under Rule 4(e)(2)(C).

## 2. <u>Mehrkens</u>

Maringer's service on attorney Mehrkens did not satisfy Fed. R. Civ. P. 4.  Just as with the non-Mehrkens Defendants, Maringer's first affidavit of service reflects that he hand-delivered only the Complaint to Mehrkens, and later mailed a copy of the Summons and Complaint to him.  For the same reasons Maringer's first service attempts on the non-Mehrkens Defendants failed, his first service attempts on Mehrkens were also ineffective.

Maringer's second affidavit of service reflects that he attempted to serve Mehrkens by delivering a copy of the Summons and Complaint to an assistant at Mehrkens' law office.  Thus, he delivered the lawsuit to Mehrkens' workplace, not his dwelling or usual place of abode.  Accordingly, leaving it with a person of suitable age and discretion was insufficient.  Fed. R. Civ. P. 4(e)(2)(B); Minn. R. Civ. P. 4.03(a).  Additionally, unlike the situation with Mr. Regnier discussed above, nothing in the record suggests that Mehrkens authorized or appointed his law

office assistant to accept service for him personally.  Thus, service on an agent under Fed. R. Civ. P. 4(e)(2)(C) or Minn. R. Civ. P. 4.03(a) has also not been shown.

### C.      Rule 4(m)

Rule 4(m)'s 120-day time frame for service of the lawsuit on Mehrkens has now passed.[9] While proper service of the lawsuit is necessary for the Court to exercise personal jurisdiction over Mehrkens, the Thelens' failure to achieve it does not automatically require dismissal.  Fed. R. Civ. P. 4(m) governs the analysis, providing:

> If a defendant is not served within 120 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) gives the Court discretion to dismiss the lawsuit without prejudice or extend the time in which the Plaintiff can properly serve it.  The 1993 Amendments to Rule 4 explain, "The new subdivision [m] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."  *See also Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).

The Thelens have not shown good cause for failing to properly serve Mehrkens. Although Gary Thelen appeared at the motion hearing, the Thelens did not file a written response to the Mehrkens' motion to dismiss.  At the hearing, Gary Thelen explained that he believed that Maringer's second affidavit of service cured any service deficiency.  He also explained that he believed that Mehrkens' law office qualified as a dwelling or abode under Rule 4.

---

[9] The Thelens filed their Complaint on April 25, 2008.

The Court does not find that these explanations constitute good cause under Rule 4(m), particularly given that the Thelens never formally opposed the motions to dismiss.  Even though pro se, the Thelens must still observe the Federal Rules of Civil Procedure.

However, even though no good cause has been shown, the Court recommends that the Thelens be given 21 days in which to cure their attempted service on Mehrkens.  *See Colasante v. Wells Fargo Corp.*, 81 Fed. Appx. 611, 613 (8th Cir. 2003) (district court retains discretion to grant a permissive extension of time where plaintiff shows "excusable neglect").  The Thelens made numerous good faith efforts to serve Mehrkens within the applicable time limit.  Mehrkens is now represented by counsel who has appeared in this action, but states that she is not authorized to receive service.  Rule 4 contemplates the facilitation, not the frustration, of service of the Summons and Complaint.  The Court finds that a 21-day period to cure is appropriate to advance that end.

## III.    REPORT AND RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

A.      The motion to dismiss by Defendants Betty Jo Rico, Wayne Ehlenfeldt, Scott Scherbring, Scott Jensen, and Rebecca Prebe (Doc. No. 3) be **DENIED**.

B.      The Court allow the Plaintiffs 21 days to cure their deficient service of Defendant Wayne Mehrkens under Fed. R. Civ. P. 4(m).

C.      The Court require the Plaintiffs to file proof of service of Defendant Wayne Mehrkens within 21 days after its adoption of this Report and Recommendation.

D.          The motion to dismiss by Defendant Wayne Mehrkens (Doc. No. 9) be

**DENIED** if the Plaintiffs timely file proper proof of service of Defendant

Wayne Mehrkens.

E.          The motion to dismiss by Defendant Wayne Mehrkens (Doc. No. 9) be

**GRANTED** if the Plaintiffs fail to timely file proper proof of service of

Defendant Wayne Mehrkens, and the Court **DISMISS THIS ACTION**

**WITHOUT PREJUDICE** as to Defendant Wayne Mehrkens.


Dated:  January 6, 2009                     _s/ *Jeanne J. Graham*_____
                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge


**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **January 21, 2009**.  A party may respond to the objections within ten days after service.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The District Court shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.