UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gary Thelen,
Thomas Thelen,

    Plaintiffs,

v.

City of Elba, et al.,

    Defendants.

Civil No. 08-1150 (JNE/JJG)

REPORT
AND
RECOMMENDATION

JEANNE J. GRAHAM, United States Magistrate Judge

This litigation came before the undersigned on June 16, 2009 on the defendants' motions to dismiss (Doc. Nos. 33, 37). Plaintiff Gary Thelen appeared pro se. Plaintiff Thomas Thelen did not appear. Pierre N. Regnier, Esq., appeared on behalf of defendants City of Alba, Betty Jo Rico, Wayne Elhenfeldt, Scott Scherbring, Scott Jensen, and Rebecca Prebe. David A. Turner, Esq., appeared on behalf of defendant Wayne Mehrkens. The motions are referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636(b) and Local Rule 72.1(b).

A.     Background

In this matter, plaintiffs Gary and Thomas Thelen (the Thelens) bring suit against seven defendants in connection with a land boundary dispute. Of the seven, six are represented by the same counsel: the City itself; its clerk Betty Jo Rico; its former mayor Rebecca Prebe; and city council members Scott Jensen, Scott Scherbring, and Wayne Ehlenfeldt. For the purposes of this report, this Court will refer to these six as the City defendants. The remaining defendant, Wayne Mehrkens, is the city attorney and is represented by separate counsel.

The Thelens assert ten causes of action in their complaint, and the relevant claims will be outlined later in this report. Mehrkens moves for dismissal from this action altogether; the City defendants only request dismissal of certain claims. As the ensuing analysis will show, only the allegations against Mehrkens need be recounted here.

According to those allegations, the Thelens applied to the City for a building permit in September 1997. When city officials informed Mehrkens about the application, he advised the City to survey the property before granting the application. No survey occurred and the Thelens allegedly built over the boundary of their property.

Rico, the city clerk, was among those landowners affected by the purported error. With her spouse, Rico brought suit against the Thelens in a Minnesota state district court, to obtain a declaration about the boundary. With Mehrkens appearing on its behalf, the City then intervened in the suit, allegedly to enforce a setback ordinance. An issue then arose about whether the City actually authorized Mehrkens to proceed with the intervention, and as a result, the City withdrew prior to disposition of the suit.

In their response to the defendants' motions to dismiss, the Thelens made some additional allegations regarding Mehrkens' involvement. They contend that, throughout the history of the boundary dispute, Mehrkens frequently gave the City advice about that dispute. They also renew their concerns about whether Mehrkens was authorized to intervene for the City in the state court boundary litigation. None of these allegations, however, materially affect the analysis here.

**B.     Standard of Review**

The defendants move to dismiss, for failure to state a claim, pursuant to Rule 12(b)(6). In accordance with this rule, a defendant may seek dismissal where the allegations in the complaint are so deficient that they cannot support a claim. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d

2

1240, 1244 (8th Cir. 2006). In this context, a court is ordinarily limited to the allegations in the complaint, *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002), taking all reasonable inferences in favor of the plaintiff, *Little Gem Life Sciences, LLC v. Orphan Medical, Inc.*, 537 F.3d 913, 917 (8th Cir. 2008).

**C.     Immunities**

In an argument raised by him alone, Mehrkens contends that he is immune from suit. He asserts absolute prosecutorial immunity, or in the alternative, qualified immunity.

Both state and federal courts recognize absolute prosecutorial immunity from any claims that involve certain prosecutorial functions. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Brown v. Dayton Hudson Corp.*, 314 N.W.2d 210, 212-14 (1981). But such immunity does not attach if a prosecutor performs administrative or investigative duties outside the context of litigation, including when a prosecutor gives general legal advice to a municipality. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855, 861-62 (2009) (unanimous decision); *see also Burns v. Reed*, 500 U.S. 478, 495-96 (1991) (ruling that, where a prosecutor gave police advice during an investigation, the prosecutor did not receive absolute immunity); *Zar v. South Dakota Bd. of Examiners of Psychologists*, 976 F.2d 459, 466 (8th Cir. 1992) (reaching similar outcome where attorney was employed by, and gave advice to, state administrative agency).

This Court is persuaded that, if Mehrkens was authorized to proceed for the City during the state court boundary litigation, he likely receives absolute immunity in connection with his actions during the representation. *Parette v. Virden*, 173 Fed.Appx. 534, 536 (8th Cir. 2006) (per curiam) (recognizing that city attorney had absolute immunity in connection with involvement in condemnation proceedings). Even if so, this immunity does not protect Mehrkens from claims

3

about the other advice he purportedly gave the City. So absolute prosecutorial immunity causes a piecemeal result here.

This Court accordingly turns to qualified immunity, which only applies to constitutional violations asserted under 42 U.S.C. § 1983. This immunity protects government officials, who perform discretionary functions, if their conduct does not violate clearly established statutory or constitutional rights. *Ambrose v. Young*, 474 F.3d 1070, 1077 (8th Cir. 2007).

When deciding whether an official receives qualified immunity, the threshold question is whether that official has violated a constitutional right. If there is no constitutional violation, a court need not consider qualified immunity. *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007-08 (8th Cir. 2003). As the following discussion will demonstrate, Mehrkens separately argues that the complaint states no constitutional claims against him. Because he ultimately prevails on this argument, this Court will not devote further analysis to qualified immunity.

**D.    The Claims**

    **1.    Counts I, II:  Equal Protection**

In the first two counts of their complaint, the Thelens assert that the defendants violated equal protection, under the Fourteenth Amendment of the U.S. Constitution; and "secured rights and privileges," under Article I, § 2 of the Minnesota Constitution. Through an argument from him alone, Mehrkens asserts there is no claim against him for violation of equal protection. This argument also affects the outcome of the state constitutional claim.

Constitutional guarantees of equal protection are intended to prevent government officials from improperly and purposefully discriminating against members of a protected class. Where a governmental decision does not involve a protected class or a fundamental right, a plaintiff must establish that she or he purposefully received different treatment from other similarly situated

persons, and that this treatment lacked a rational basis. *Koscielski v. City of Minneapolis*, 435 F.3d 898, 901 (8th Cir. 2006); *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999).

Where a plaintiff cannot show that a government official treated him or her differently from others similarly situated, or that such treatment amounted to intentional discrimination, there is no violation of equal protection. *Barstad v. Murray County*, 420 F.3d 880, 885 (8th Cir. 2005) (granting summary judgment where landowner did not show how state land use regulation was applied differently to other landowners); *see also Gagliardi v. Village of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994) (rejecting "bald allegations" that city discriminated in enforcement of zoning regulations) (cited with approval in *Brandt*, 191 F.3d at 893).

Taking the complaint with all reasonable inferences for the Thelens, it does not allege that Mehrkens treated the Thelens differently from other similarly situated landowners. There are also no allegations that Mehrkens intentionally discriminated against the Thelens. For these reasons, the complaint does not state an equal protection claim against Mehrkens.

This analysis also applies to the Thelens' claim under Article I, § 2 of the Minnesota Constitution. This provision states that a person cannot be "disfranchised or deprived of any of the rights or privileges secured to any citizen [of Minnesota.]" When analyzing claims under this provision, Minnesota courts generally employ federal equal protection analysis.[1] As a result, the state constitutional claim fails for the same reasons as the federal equal protection claim. *Scott v. Minneapolis Police Relief Ass'n, Inc.*, 615 N.W.2d 66, 74 (Minn. 2000); *In re Estate of Turner*, 391 N.W.2d 767, 770 n. 2 (Minn. 1986).

---

[1] There is one significant difference between equal protection analysis under federal law and that under Minnesota law. Minnesota courts recognize a more stringent form of rational basis review, granting less deference to governmental officials than under federal rational basis review. *See, e.g., Gluba ex rel. Gluba v. Bitzan & Ohren Masonry*, 735 N.W.2d 713, 721 (Minn. 2007). As the analysis does not call for application of rational basis review, this distinction is immaterial here.

## 2. Count III: Reprisal Discrimination under the Minnesota Human Rights Act

The Thelens next assert a claim against all defendants for reprisal discrimination under the Minnesota Human Rights Act (MHRA). This claim is supplied by Minn. Stat. § 363A.15, which provides in relevant part,

> It is an unfair discriminatory practice for any individual who participated in the alleged discrimination as a perpetrator [or other enumerated entities] . . . to intentionally engage in reprisal against any person because that person:
>
> (1) Opposes a practice forbidden under [the MHRA] or has filed a charge [or assisted with proceedings pursuant to the MHRA]; or
>
> (2) Associated with a person or group of persons who are disabled or who are of different race, color, creed, religion, sexual orientation, or national origin.

The defendants argue that the Thelens failed to allege an underlying act of discrimination; that they otherwise are not among the enumerated entities liable for reprisal discrimination; and that the Thelens failed to allege any form of protected conduct.

It is enough to note that, where there is no indication that a plaintiff engaged in protected conduct under the MHRA, a claim for reprisal discrimination fails. *Gagliardi v. Ortho-Midwest, Inc.*, 733 N.W.2d 171, 183 (Minn. App. 2007); *cf. Smith v. DataCard Corp.*, 9 F.Supp.2d 1067, 1080 (D.Minn. 1998) (granting summary judgment, under a predecessor section of the MHRA, where there was no evidence that the defendant knew the plaintiff engaged in protected conduct).

Taking all reasonable inferences from the complaint, it does not allege that the Thelens opposed a discriminatory practice under the MHRA. For that matter, the complaint does not say what discriminatory practice occurred. Nor does the complaint allege that the Thelens associated

with persons in a protected class. As the complaint does not allege that the Thelens engaged in protected conduct, they do not state a claim for reprisal discrimination under the MHRA.

        3.        **Count IV: Freedom of Information Act**

In count four of their complaint, the Thelens allege the defendants violated the Sunshine Act, citing 5 U.S.C. § 552b. This provision is more commonly referred to as the Freedom of Information Act (FOIA). Both Mehrkens and the City defendants contend that, because FOIA only applies to federal agencies, this claim lacks merit. Their position is sound and, as a result, this claim fails. *See* 5 U.S.C. §§ 551(1), 552(f), 552b(a)(1) (collectively defining "agency" for the purposes of FOIA); *see also Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) (holding a city council was not subject to FOIA); *Lathrop v. Juneau & Assocs., Inc.*, 220 F.R.D. 330, 336 (S.D.Ill. 2004) (similar ruling regarding city officials).

        4.        **Count V: Minnesota Open Meeting Law**

The Thelens also assert a claim against the defendants for damages under the Minnesota Open Meeting Law. Both Mehrkens and the City defendants counter that damages are not a permissible remedy under the Open Meeting Law.

The Open Meeting Law requires Minnesota cities to conduct meetings that are open to the public. Minn. Stat. § 13D.01, subd. 1(b)(4). A private party may bring action against those who committed the violation. But the chief remedy is a small "civil penalty" that is not payable to the plaintiff. As a result, there is no action for damages under the Open Meeting Law. Minn. Stat. § 13D.06, subds. 1, 2, 4; *Rupp v. Mayasich*, 561 N.W.2d 555, 558 (Minn. App. 1997). *But cf. Grossman v. Sch. Bd. of Indep. Sch. Dist. No. 640*, 389 N.W.2d 532, 536 (Minn. App. 1986) (affirming dismissal without prejudice of claim under the Open Meeting Law but suggesting, in dictum, that the result was "overly technical"). The Thelens thus fail to state a claim here.

### 5. Counts VI, VII: Violations of Minn. Stat. § 609.43 and Minn. Stat. § 367.11

The Thelens present other statutory claims in the next two counts. They claim that all the defendants violated Minn. Stat. § 609.43, which makes it a crime for public officials to commit certain forms of misconduct; and Minn. Stat. § 367.11, which requires a town clerk to accurately record minutes of town meetings.[2] The defendants argue there are no private causes of action under either statute.

The underlying rule is that a statute does not confer a private cause of action unless it does so "expressly or by clear implication." *See, e.g., Grozdanich v. Leisure Hills Health Ctr., Inc.*, 25 F.Supp.2d 953, 984 (D.Minn. 1998); *Becker v. Mayo Foundation*, 737 N.W.2d 200, 207 (Minn. 2007). This principle applies with equal force to statutes that define criminal offenses. *Larson v. Dunn*, 460 N.W.2d 39, 47 n. 4 (Minn. 1990).

As the defendants correctly observe, no private cause of action is available under Minn. Stat. § 609.43 or Minn. Stat. § 367.11, either expressly or implicitly. So the claims under these statutes fail as well.

### 6. Count VIII: Negligence

The Thelens caption their eighth count as "neglect." But in their complaint, they make it clear this claim is one for negligence against all defendants. Only Mehrkens is currently seeking dismissal of this claim. Because of his status as an attorney, Mehrkens frames this claim as one for legal malpractice. Among other arguments, he asserts that he cannot be liable because he has no attorney-client relationship with the Thelens.

---

[2] The City defendants briefly argue that, because the City is organized as a city and not as a town under Minnesota law, statutes governing towns do not apply. Because the Thelens' claim fails for other reasons, this argument does not require further discussion.

8

This argument raises an underlying question about the existence of a duty. That being, to state a claim for negligence, the defendant must owe a duty of care to the plaintiff. The existence of a duty is a question of law, which is determined by the relationship of the parties and the foreseeability of the risk involved. Without a cognizable relationship between them, a defendant has no legal duty to protect a plaintiff from harm. *Wong v. American Family Mut. Ins. Co.*, 576 N.W.2d 742, 745 (Minn. 1998); *Donaldson v. Young Women's Christian Ass'n*, 539 N.W.2d 789, 792 (Minn. 1995). As the complaint does not describe any particular relationship between Mehrkens and the Thelens, there can be no claim against Mehrkens for negligence.

This outcome is not altered by the fact that Mehrkens was engaged as an attorney. Where an attorney engages in conduct during the course of a representation, such that an adverse party is not the intended beneficiary of the attorney's services, that party cannot bring action against the attorney for malpractice. *McIntosh County Bank v. Dorsey & Whitney, LLP*, 745 N.W.2d 538, 548 (Minn. 2008). This principle further confirms that Mehrkens had no duty here.

### 7. Count X: Intentional Infliction of Emotional Distress[3]

In the final count of their complaint, the Thelens assert claims against all defendants for intentional infliction of emotional distress. As with the claim for negligence, only Mehrkens is currently seeking dismissal on this count. He argues that, because there are no allegations that he engaged in extreme and outrageous conduct, this claim fails.

To establish intentional infliction of emotional distress, the plaintiff must allege that the defendant intentionally or recklessly engaged in extreme and outrageous conduct, which caused the plaintiff to suffer severe emotional distress. *Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 864

---

[3] In the ninth count of their complaint, the Thelens assert a claim against the City alone for breach of contract. Because the City defendants have not sought dismissal of this claim, the recitation of counts departs from sequence here.

9

(Minn. 2003). To be extreme and outrageous, conduct must pass the boundaries of civilized decency and be so severe that a reasonable person cannot be expected to endure it. *Hill v. Scott*, 349 F.3d 1068, 1075 (8th Cir. 2003).

According to the complaint, Mehrkens was involved in giving legal advice to the City; and purportedly without authorization from the City, he participated in the state court boundary litigation. Taking all inferences in the Thelens' favor, there is no indication that such actions amount to extreme and outrageous conduct. For this reason, the Thelens do not state a claim against Mehrkens for intentional infliction of emotional distress.

**C.     Recommendation**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Mehrkens' motion to dismiss (Doc. No. 33) be **GRANTED.**

2. The City defendants' motion to dismiss (Doc. No. 37) be **GRANTED.**

3. All claims against Mehrkens be **DISMISSED** and Mehrkens be dismissed from this action.

4. The claims in counts III, IV, V, VI, and VII of the complaint, as against the City defendants, also be **DISMISSED.**

Dated this 6th day of July, 2009.                    /s     *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **July 20, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of

those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.