UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gary Thelen,

    Plaintiff,

v.

City of Elba, et al.,

    Defendants.

Civil No. 08-1150 (JNE/JJG)

REPORT
AND
RECOMMENDATION

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the undersigned on June 8, 2010 on the defendants' motion for sanctions (Doc. No. 77). Plaintiff Gary Thelen did not appear. Susan S. Tice, Esq., appeared for defendants City of Alba, Betty Jo Rico, Wayne Elhenfeldt, Scott Scherbring, Scott Jensen, and Rebecca Prebe (collectively the defendants). In their motion, the defendants argue that because Mr. Thelen (Thelen) advanced frivolous and unfounded claims, they are entitled to an award of attorney fees. The motion is referred for a report and recommendation consistent with 28 U.S.C. § 636(b) and Local Rule 72.1(b).[1]

The litigation arises out of a property dispute between Mr. Thelen and officials of the City of Elba. In his complaint, Thelen asserted violations of the U.S. Constitution, among other claims. The defendants then moved for summary judgment, which Thelen did not oppose. By a report on March 4, 2010, this Court recommended that the motion be granted. There was no

---

[1] As a magistrate judge lacks statutory authority to order a postjudgment award of attorney fees, this Court addresses the motion through a report and recommendation. *See, e.g., McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993).

objection, and District Judge Joan N. Ericksen adopted the recommendation through an order on April 14, 2010.

In support of their request for attorney fees, the defendants principally rely on 42 U.S.C. § 1988(b). It provides in relevant part,

> In any action or proceeding to enforce [§ 1983 and other provisions] of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]

As the defendants correctly observe, a prevailing defendant may request attorney fees under this statute. *See, e.g., Dillon v. Brown County*, 380 F.3d 360, 365 (8th Cir. 2004).

Such fees are awarded, however, "only in very narrow circumstances." *Williams v. City of Carl Junction*, 523 F.3d 841, 843 (8th Cir. 2008) (indirectly quoting *Eichman v. Lindman & Sons, Inc.*, 752 F.2d 1246, 1248 (7th Cir. 1985)). Attorney fees are allowed only if the plaintiff's claims are frivolous, unreasonable, or baseless. *Id.* (indirectly quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978)).

So long as there is some basis for a plaintiff's claims, therefore, a prevailing defendant cannot obtain attorney fees. *Id.*; *Arnold v. Nursing & Rehabilitation Center at Good Shepherd, LLC*, 471 F.3d 843, 847-48 (8th Cir. 2006); *Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842, 849 (8th Cir. 1994).

Though Thelen failed to substantiate his claims against the defendants, this Court cannot find that the claims were completely frivolous, unreasonable, or baseless. There was at least some basis for Thelen's claims, which he described in his appearances before this Court. And in

an order on November 8, 2007, a state district court determined that one of the defendants may have opposed Thelen's legitimate attempts to obtain a building permit.[2]

Under such circumstances, Thelen at least had some basis to advance his claims against the defendants. This Court concludes, therefore, that the defendants are not entitled to an award of attorney fees under § 1988.

In the alternative, the defendants contend that they should be awarded their attorney fees pursuant to Rule 11. But Rule 11(c)(2) states that a motion for Rule 11 sanctions "must be made separately from any other motion[.]" Here, the defendants combined their Rule 11 and § 1988 arguments in a single motion, so they cannot obtain relief under Rule 11. And in any case, no fees are recommended under a Rule 11 analysis either.

Finally, the defendants propose sanctions under Minn. Stat. § 549.211, observing that this statute is substantially similar to Rule 11 and provides a comparable rationale for sanctions. But a state statute cannot control the procedural authority of a federal court, and where there is a conflict between state law and federal procedure, the federal rules must receive precedence. *See In re Robertson*, 105 B.R. 504, 507 (Bankr. D.Minn. 1989) (concluding that a predecessor of Minn. Stat. § 549.211 had no application in federal court). This Court accordingly concludes that sanctions are not available under the state statute.

For the aforementioned reasons, and being advised of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the defendants' motion for sanctions (Doc. No. 77) be **DENIED.**

---

[2] These facts are recounted in much greater detail in this Court's report of March 4, 2010, so where material to the current motion, that report is incorporated by reference.

Dated this 13th day of July, 2010.

                                                s/ *Jeanne J. Graham*
                                                JEANNE J. GRAHAM
                                                United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **July 28, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.